UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

EDWARD BROWN,

             Petitioner,

            -against-            :     **MEMORANDUM and ORDER**

ROBERT J. EBERT,            :     05 Civ. 5579 (DLC)(KNF)

             Respondent.
-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/06

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

In May 2005, Edward Brown ("Brown"), proceeding *pro se*, made an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Brown now seeks a stay of his petition so that he may exhaust his state court remedies with respect to a claim of ineffective assistance of appellate counsel, which he intends to pursue in state court through an application for a writ of error *coram nobis*. The respondent opposes the petitioner's request for a stay. For the reasons set forth below, Brown's application is denied.

## II. BACKGROUND

On July 9, 2001, following a jury trial, Brown was convicted for criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree. Brown was sentenced, as a second felony offender, to an aggregate indeterminate term of four and one-half to nine years imprisonment.

On direct appeal, Brown, through his appellate counsel, argued that the evidence in support of Brown's conviction was legally insufficient, and the conviction was against the weight of the evidence, because the prosecution had failed to disprove Brown's agency defense beyond a reasonable doubt. In addition, Brown sought leave to file a supplemental *pro se* brief, in which he argued that the grand jury should have been given an agency defense instruction. On July 8, 2004, the New York State Supreme Court, Appellate Division, First Department, denied Brown leave to file his *pro se* supplemental brief; thereafter, the New York Court of Appeals dismissed Brown's application for leave to appeal the order on the ground that it was not appealable.

On December 14, 2004, the Appellate Division affirmed Brown's conviction unanimously. See People v. Brown, 13 A.D.3d 163, 789 N.Y.S.2d 877 (App. Div. 1st Dep't 2004). The New York Court of Appeals denied Brown leave to appeal on March 30, 2005. See People v. Brown, 4 N.Y.3d 828, 796 N.Y.S.2d 583 (2005).

Brown then petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition to the claim raised through his appellate counsel on direct appeal, i.e., that the evidence in support of his conviction was legally insufficient, Brown also asserts that: (a) the prosecution failed, improperly, to instruct the grand jury on his agency defense (the claim presented in his *pro se* supplemental brief); and (b) he was improperly denied leave to file his *pro se* supplemental brief on appeal.

In opposing Brown's habeas corpus petition, the respondent has argued that, in light of the Appellate Division's denial of Brown's application for leave to filed his *pro se* supplemental brief, his grand jury claim is unexhausted. Moreover, the respondent contends, any claim of ineffective assistance of appellate counsel based on the failure to raise the grand jury claim on

2

direct appeal also would be unexhausted. Brown now seeks a stay of his habeas corpus petition so that he may remedy this defect. Thus, Brown proposes to file a petition for a writ of error *coram nobis* alleging the ineffectiveness of appellate counsel in the appropriate state courts and, upon exhaustion of that claim, amend his habeas corpus petition accordingly.

## III. DISCUSSION

The necessity for a stay of a habeas corpus petition arises where, *inter alia*, the petition contains both exhausted and unexhausted claims and an "outright dismissal [of the petition] could jeopardize the timeliness of a collateral attack" under the one-year limitations period set forth in 28 U.S.C. § 2244(d). Zarvela v. Artuz, 254 F.3d 374, 380-82 (2d Cir.), cert. denied, 534 U.S. 1015, 122 S. Ct. 506 (2001). With respect to such "mixed" petitions, the Supreme Court of the United States recently held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535 (2005). The Court stated further:

> Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. . . . On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Id. at 277-278, 1535.

In this case, the respondent contends that petitioner's request for a stay and abeyance of his habeas corpus petition should be denied because he has not demonstrated "good cause" for failing to exhaust his ineffective assistance of counsel claim and, moreover, the claim is "plainly

3

meritless." In reply, the petitioner argues that he has met the requirements set forth in Rhines: he had good cause for failing to exhaust his ineffective assistance of counsel claim in state court, the claim is potentially meritorious and he has not engaged in any dilatory litigation tactics.

The Court has reviewed the parties' submissions and has determined that, while the petitioner has shown "good cause" to excuse the failure to exhaust his claim in the relevant state courts, and while he has not been dilatory in filing either his habeas corpus petition or the instant motion for a stay, nevertheless, he has failed to show that his ineffective assistance of counsel claim is potentially meritorious. Therefore, his request for a stay must be denied.

The Supreme Court did not define "good cause" in Rhines, and "[n]o Circuit Court of Appeals has yet opined" on its meaning. Ramdeo v. Phillips, No. 04-CV-1157, 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006). The "good cause" requirement was mentioned by the Court, however, in Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1813-14 (2005), decided after Rhines. In that case, the Supreme Court noted that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id.

At least one district court has relied on this language to find that the "good cause" requirement has been met where a petitioner, who is found to be "reasonably confused" about whether his claims have been properly exhausted in state court, follows the procedure set forth in Pace by filing a "protective" petition in federal court. See Rhines v. Weber, 408 F. Supp. 2d 844, 848 (D.S.D. 2005)(finding, on remand, that petitioner had shown "good cause" for failure to exhaust unexhausted claims and was entitled to have his petition stayed); Pace, 544 U.S. 408, 125 S. Ct. at 1813-14 (noting that petitioner seeking state post-conviction relief might avoid

4

having his federal habeas petition dismissed as time barred "by filing a 'protective' petition in federal court").

In this case, the Court finds that Brown has established good cause for failing to exhaust his ineffective assistance of counsel claim. Like the petitioner in Rhines, Brown was "reasonably confused" about whether his grand jury claim was properly exhausted in state court.¹ Brown had attempted to present his claim to the Appellate Division by seeking leave to file a *pro se* supplemental brief and, upon the denial of that motion, sought leave to appeal to the New York Court of Appeals. Additionally, Brown followed the procedure set forth in Pace by filing a "protective" petition in federal court more than one month before the one-year limitations period began to run. Further, like the petitioner in Rhines, Brown was concerned about complying with the one-year statute of limitations when he sought a stay of his petition. Moreover, the Court notes that several district courts have held that the alleged ineffective assistance of appellate counsel claim can constitute "good cause" in the stay and abeyance context. See Rhines, 408 F. Supp. 2d at 848-49 (finding that petitioner met the "good cause" requirement due to the ineffective assistance of post-conviction counsel and citing cases).

Therefore, the Court finds that Brown has shown good cause for failing to exhaust his grand jury claim in the appropriate state courts. Furthermore, there is no indication that Brown

---

¹Brown acknowledges that his attempt, here, to exhaust his grand jury claim by way of a claim of ineffective assistance of appellate counsel was suggested by the argument presented in the respondent's opposing memorandum. The Court does not find this to be an obstacle to a finding of "good cause" in this case. In this regard, the Court takes note of Justice Stevens' concurring opinion in Rhines: "I join the Court's opinion . . . on the understanding that its reference to 'good cause' for failing to exhaust state remedies more promptly is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner." 544 U.S. 269, 125 S. Ct. at 1536 (citations omitted).

5

engaged in dilatory litigation tactics. Rather, as noted above, he was prompt in filing both his habeas corpus petition and the instant application for a stay of the petition. However, although Brown has met these requirements, it would be an abuse of discretion to grant him a stay if his unexhausted claim is "plainly meritless."

The Sixth Amendment guarantees a criminal defendant the "right to effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). To determine whether counsel's assistance was effective, the Supreme Court devised a two-part test. See id. at 687-96, 2064-69. First, a criminal defendant must show that his counsel's performance was deficient, that is, that it fell below an "objective standard of reasonableness," measured according to "prevailing professional norms." Id. at 687-88, 2064-65. Second, the criminal defendant must affirmatively demonstrate prejudice. Id. at 694, 2068. Prejudice is rarely presumed, and so the defendant generally must prove that "there is a reasonable probability that but for counsel's [error], the result of the proceeding would have been different." Id.; see also United States v. Javino, 960 F.2d 1137, 1145 (2d Cir. 1992). A reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Considerable deference is accorded counsel's performance, as counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 2066.

The Sixth Amendment right to effective assistance of counsel also extends to the prosecution of a direct appeal from a judgment of conviction. See Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S. Ct. 830, 836 (1985). Since appellate counsel is permitted to exercise professional judgment when determining which issue(s) to pursue on appeal, failure to present every

6

nonfrivolous argument to the appellate court does not constitute ineffective assistance of counsel. See Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). "Failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented." Rivera v. Conway, 350 F. Supp. 2d 536, 546 (S.D.N.Y. 2004)(citing Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Further, "[t]o establish that a habeas petitioner was prejudiced by appellate counsel's failings under the second prong of the Strickland test, the petitioner must establish that there is a reasonable probability that the omitted claim would have been successful before the state's highest court." Id. at 546-47 (citation omitted).

The Court finds that it is not likely that petitioner will prevail on his claim of ineffective assistance of appellate counsel because he probably will not be able to show that the "omitted claim," i.e., that the prosecution failed, improperly, to instruct the grand jury on his agency defense, was clearly stronger than the claim actually presented by counsel. Moreover, it does not appear that, even if the claim should have been raised on appeal, prejudice resulted from the omission.

Under New York law, "one who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics." People v. Lam Lek Chong, 45 N.Y.2d 64, 73, 407 N.Y.S.2d 674, 680 (1978). However, "[t]he so-called agency defense is not a complete defense." Id. at 74, 680. A defendant who was acting for a buyer in a drug sale is not thereby relieved of all criminal responsibility: that defendant may still be found guilty of possession, instead of sale. See id. For this reason, an agency defense, under most circumstances, would constitute a mitigating rather than an exculpatory defense. The New York Court of Appeals has explained that:

7

> An exculpatory defense is one that would, if believed, result in a finding of no criminal liability. . . . When a defense is urged in mitigation, on the other hand, it is not done in an effort to avoid criminal liability entirely; rather, it is an attempt to reduce the gravity of the offense committed. If believed, such a defense would not, by itself, result in a verdict of not guilty, and thus the criminal prosecution would not have been warranted. Because consideration of such defenses by the Grand Jury would not prevent unfounded criminal accusation, but would, at best, merely reduce the degree of the crime charged, their presentation to the Grand Jury will not ordinarily be mandated.

People v. Valles, 62 N.Y.2d 36, 38-39, 476 N.Y.S.2d 50, 51 (1984).

Hence, while "the District Attorney is required to instruct the Grand Jury on the law with respect to the matters before it. . . . [t]his does not mean . . . that the Grand Jury must be charged with every potential defense suggested by the evidence." Valles, 62 N.Y.2d at 38, 476 N.Y.S.2d at 51.

Since a district attorney is under no obligation to charge a grand jury about every defense suggested by the evidence or, more specifically, about a mitigating defense, it does not appear that the prosecution's failure to instruct the grand jury on petitioner's agency defense would have been found to be error. Hence, petitioner cannot show that his claim of ineffective assistance of appellate counsel is potentially meritorious.

## IV. CONCLUSION

For the reasons set forth above, petitioner's request to stay his habeas corpus petition, pending exhaustion of his state court remedies, is denied.

Dated: New York, New York  
May 8, 2006

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Kevin Brown
Ashlyn H. Dannelly, Esq.