UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EDWARD BROWN,                              :

               Petitioner,                  :

          -against-                         :        **REPORT AND RECOMMENDATION**

ROBERT J. EBERT,                           :        05 Civ. 5579 (DLC)(KNF)

           Respondent.               :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DENISE L. COTE, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Edward Brown ("Brown"), proceeding *pro se*, has made an application for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254.  Brown contends that his confinement by New York
state is unlawful because: (1) the evidence offered by the prosecution to obtain his conviction
was legally insufficient and the verdict was against the weight of the evidence; (2) the
prosecution failed, improperly, to instruct the grand jury on the defense of agency; and (3) he was
denied leave, improperly, to file a *pro se* supplemental brief in the intermediate state appellate
court.

The respondent opposes the petition.  He argues that the petitioner's claims are:
(1) unexhausted; (2) not cognizable on federal habeas corpus review; and/or (3) meritless.

## II. BACKGROUND

On November 6, 2000, an undercover New York City police detective, identified only as
"Detective 3751," approached the petitioner near the corner of West 30th Street and Eighth

Avenue in Manhattan.  The detective asked the petitioner where he could buy drugs.  After Brown told the detective that he knew where he "could get some," the detective followed Brown into a Burger King restaurant.  Thereafter, Minnie Hennix ("Hennix") entered the restaurant and Brown motioned for her to come over to where he and the detective were located.  The detective attempted to purchase crack cocaine from Hennix, but she refused to sell to him because he was unknown to her.  Hennix then walked away from the two men.  Brown assured the detective that Hennix was going to "hook [them] up," if Brown made the purchase alone.  At Brown's urging, the detective handed him $30; it was pre-recorded buy money.  Brown approached Hennix and they left the restaurant together.  The detective followed the pair out of the restaurant and stood a short distance away from them.  From his position, he observed Brown purchase three bags of crack cocaine.

Once the sale transaction was concluded, Brown rejoined the detective.  The petitioner asked the detective whether he was a police officer, and patted the detective's waistband.  Brown asked the detective to smoke some of the crack cocaine with him.  When the detective refused, the petitioner handed the detective two of the bags containing crack cocaine and walked away with the third bag.  The detective radioed his field team and provided the field team with descriptions of Brown and Hennix, as well as their locations.  Detective John Kissane ("Kissane"), a member of the field team, pursued and apprehended Brown.  While being approached by Det. Kissane, Brown dropped a bag of crack cocaine to the ground.  The bag had a "Superman" logo on it.  Brown was searched; a crack pipe and four dollars were recovered from him.

Another member of the field team arrested Hennix.  Seventeen bags of crack cocaine

-2-

bearing the "Superman" logo were recovered from her, along with one bag of marijuana and $255. The pre-recorded buy money was not recovered.

After Brown and Hennix were apprehended, Detective 3721 confirmed that the field team had seized the two persons who had participated in the cocaine sale transaction and whose descriptions he had transmitted to the field team earlier.

A New York county grand jury returned an indictment charging the petitioner with: (a) criminal sale of a controlled substance in the third degree; (b) criminal possession of a controlled substance in the third degree; (c) criminal possession of a controlled substance in the fifth degree; and (d) criminal possession of a controlled substance in the seventh degree.

At the subsequent trial of the criminal action, Brown represented himself; advisory counsel assisted him. Although Brown did not present any evidence at the trial, the trial judge instructed the jury on the defense of agency. However, on July 9, 2001, Brown was convicted on all charges. Thereafter, Brown was sentenced, as a second felony offender, to an aggregate indeterminate term of four and one-half to nine years imprisonment.

Brown appealed from his conviction to the New York State Supreme Court, Appellate Division, First Department. Through his appellate counsel, Brown argued that the evidence offered by the prosecution to obtain his conviction was legally insufficient and, furthermore, that his conviction was against the weight of the evidence because the prosecution had failed to disprove Brown's agency defense beyond a reasonable doubt. Although Brown was represented by counsel on appeal, he sought leave to file a supplemental *pro se* brief with the Appellate Division. In that brief, he argued that the grand jury should have been instructed, by the prosecution, about the defense of agency, but it was not so instructed, erroneously. The

Appellate Division denied Brown's application for leave to file his *pro se* supplemental brief. Thereafter, Brown applied to the New York Court of Appeals for leave to appeal from the Appellate Division's determination.  That application was denied on the ground that the determination of the Appellate Division was not appealable.

On December 14, 2004, the Appellate Division affirmed Brown's conviction, unanimously.  See People v. Brown, 13 A.D.3d 163, 789 N.Y.S.2d 877 (App. Div. 1st Dep't 2004).  Brown sought leave to appeal to the New York Court of Appeals.  His request was denied.  See People v. Brown, 4 N.Y.3d 828, 796 N.Y.S.2d 583 (2005).

Thereafter, Brown petitioned this court for a writ of habeas corpus.  In addition to the claims raised through his appellate counsel on direct appeal, that the evidence offered by the prosecution to obtain his conviction was legally insufficient, and that his conviction was against the weight of the evidence, Brown also asserts, as grounds for habeas corpus relief, that: (a) the prosecution failed, improperly, to instruct the grand jury on the defense of agency (the claim presented in his *pro se* supplemental appellate brief); and (b) he was denied leave, improperly, to file his *pro se* supplemental brief with the Appellate Division.

On March 24, 2006, Brown sought a stay of the adjudication of his habeas corpus petition so that he could return to state court and exhaust a claim of ineffective assistance of appellate counsel.  That claim was premised on Brown's contention that his appellate counsel erred by failing to argue to the Appellate Division that "reversible error occurred when the District Attorney failed to give the Grand Jury instructions on the defense of agency."  Brown maintained that upon demonstrating that his appellate counsel was ineffective, he could then show good cause for his failure to exhaust his grand jury claim and overcome an argument against granting

-4-

the instant petition that had been advanced by the respondent in his answer to the petition.

On May 8, 2006, the Court determined that, while the petitioner had shown "good cause" for his failure to exhaust his ineffective assistance of appellate counsel claim, and while he had not been dilatory in filing either his habeas corpus petition or the motion for a stay, he had failed to show that his ineffective assistance of counsel claim was potentially meritorious; therefore, his request for a stay was denied.  See Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 1273830 (S.D.N.Y. May 9, 2006).

### III. DISCUSSION

*Insufficient Evidence and Conviction Against the Weight of the Evidence*

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, 28 U.S.C. § 2254 informs that a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  See 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000); Francis S. v. Stone, 221 F.3d 100 (2d Cir. 2000).  In addition, when considering an application for a writ of habeas corpus by a state prisoner, a federal court must be mindful that any determination of a factual issue made by a state court is to be presumed correct and the habeas corpus applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

A challenge to a verdict based on the weight of the evidence is different from a challenge based on the sufficiency of the evidence: "[T]he 'weight of the evidence' argument is a pure

state-law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas, a legal

sufficiency claim is based on federal due process principles." Garbez v. Greiner, 01 Civ. 9865,

2002 WL 1760960, at *8 (S.D.N.Y. July 30, 2002) (citing People v. Bleakley, 69 N.Y.2d 490,

495, 515 N.Y.S.2d 761, 763 [1987]).  A weight of the evidence claim is not cognizable on

federal habeas review.  See Ex parte Craig, 282 F.138, 148 (2d Cir. 1922), aff'd, 263 U.S. 255,

44 S. Ct. 103 (1923).  Accordingly, the petitioner's claim, to the extent that it raises a weight of

the evidence argument, cannot be the basis for habeas corpus relief.

In Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979), the Supreme Court

established the standard that must be met by a habeas corpus petitioner challenging the

lawfulness of his or her incarceration based upon a claim of insufficient evidence: a petitioner is

entitled to relief only if a court finds, upon the record evidence adduced at trial, that no rational

trier of fact could have found proof of guilt beyond a reasonable doubt.  Id. at 324, 2791-2792.  A

habeas corpus court reviewing such a claim must consider the evidence in the light most

favorable to the prosecution and make all inferences in its favor.  See id. at 319, 2789.

In the instant case, the Appellate Division rejected the petitioner's claims finding that

"[t]he jury's verdict rejecting [petitioner's] agency defense was based on legally sufficient

evidence and was not against the weight of the evidence." People v. Brown, 13 A.D.3d at 163,

789 N.Y.S.2d at 877.  The court found that, "[t]he evidence warranted the conclusion that

[petitioner] did not act solely to accommodate, or do a favor for, the buyer." Id.

Since this claim was adjudicated on the merits, it is incumbent upon Brown to establish

that the decision reached by the Appellate Division was either contrary to or an unreasonable

application of federal law as enunciated by the Supreme Court in Jackson, or grounded in an

unreasonable determination of the facts in light of the evidence presented in the state court

proceedings.  Brown has done neither.  Furthermore, the petitioner has not presented clear and

convincing evidence to this Court that rebuts the presumption of correctness accorded the jury's

findings of facts as adopted by the Appellate Division.  Since Brown has not met the burden

placed upon him by 28 U.S.C. § 2254(d), he is not entitled to habeas corpus relief based on his

claim that the prosecution presented insufficient evidence at his trial to obtain a conviction.

*Grand Jury Instructions*

Brown contends that he is entitled to habeas corpus relief based on the prosecution's

failure to instruct the grand jury on the defense of agency.  Although the Court notes that this

claim was never presented to the Appellate Division or to the New York Court of Appeals for

resolution, because the Appellate Division denied Brown's application to file his *pro se*

supplemental brief containing the grand jury claim, the exhaustion doctrine that is typically

applicable to habeas corpus petitions, see 28 U.S.C. § 2254(b)(1)(A), is no impediment to

disposing of this claim because it is not one upon which a federal court may grant habeas corpus

relief.

> The right to a grand jury in a federal criminal case was not incorporated to the states
> through the Fourteenth Amendment. See LanFranco v. Murray, 313 F.3d 112, 118 (2d
> Cir. 2002).  Accordingly, errors in state grand jury proceedings are questions of state law
> and therefore are not reviewable on a petition for a writ of habeas corpus. Mirrer v.
> Smyley, 703 F. Supp. 10, 11-12 (S.D.N.Y. 1989). In any event, any potential defect in a
> grand jury proceeding is cured by a subsequent conviction. United States v. Mechanik,
> 475 U.S. 66, [70], [106 S. Ct. 938, 942 (1986)] ("[M]easured by the petit jury's verdict,
> . . . any error in the grand jury proceeding connected with the charging decision was
> harmless beyond a reasonable doubt."); see also Lopez v. Riley, 865 F.2d 30, 31-32 (2d
> Cir. 1989) (holding that claims of error in grand jury proceedings may not be raised
> where a properly instructed jury convicted at trial).

Mackey v. McGinnis, No. 05 Civ. 4899, 2006 WL 2290829, at *13 (S.D.N.Y. Aug. 9, 2006).

Since the petitioner's claim for habeas corpus relief, based upon alleged deficiencies in the instructions given to the grand jury, does not involve a question of federal constitutional law, it is not a claim upon which the petitioner is entitled to obtain habeas corpus relief.

*Ineffective Assistance of Counsel*

To the extent that the petitioner has made a claim of ineffective assistance of appellate counsel, based upon his appellate counsel's failure to raise a claim on direct appeal that the prosecution failed, improperly, to instruct the grand jury on the defense of agency, this claim is unexhausted and meritless.

On May 8, 2006, the Court denied the petitioner's request to stay the instant habeas corpus petition, so that he could return to state court to exhaust his ineffective assistance of appellate counsel claim. The Court found that, although the petitioner had demonstrated cause for failing to exhaust his ineffective assistance of counsel claim, he had failed to demonstrate that the claim had merit.

Applying the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984), as it applies to claims of ineffective assistance of appellate counsel,[1] the Court found that the petitioner's claim was not meritorious because he had failed to show that the "omitted claim," <u>i.e.</u>, that the prosecution failed, improperly, to instruct the grand jury on the defense of agency, was clearly stronger than the claim actually presented by appellate counsel.

_____

[1] "Failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is clearly stronger and more significant than those presented." <u>Rivera v. Conway</u>, 350 F. Supp. 2d 536, 546 (S.D.N.Y. 2004)(citing <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994). Further, "[t]o establish that a habeas petitioner was prejudiced by appellate counsel's failings under the second prong of the <u>Strickland</u> test, the petitioner must establish that there is a reasonable probability that the omitted claim would have been successful before the state's highest court." <u>Id.</u> at 546-47 (citation omitted).

The Court also found that even if the claim should have been raised on appeal, the petitioner had failed to demonstrate that prejudice resulted from the omission.

In explaining that under New York law, an agency defense is not an exculpatory defense, but rather a mitigating defense, the Court relied on the reasoning of the New York Court of Appeals in People v. Valles, 62 N.Y.2d 36, 38-39, 476 N.Y.S.2d 50, 51 (1984):

> An exculpatory defense is one that would, if believed, result in a finding of no criminal liability. . . . When a defense is urged in mitigation, on the other hand, it is not done in an effort to avoid criminal liability entirely; rather, it is an attempt to reduce the gravity of the offense committed.  If believed, such a defense would not, by itself, result in a verdict of not guilty, and thus the criminal prosecution would not have been warranted.  Because consideration of such defenses by the Grand Jury would not prevent unfounded criminal accusation, but would, at best, merely reduce the degree of the crime charged, their presentation to the Grand Jury will not ordinarily be mandated.

Since a district attorney is under no obligation to instruct a grand jury on every defense suggested by the evidence or, more specifically, about a mitigating defense, the prosecution's alleged failure to instruct the grand jury on the defense of agency was not an error.

Under the Antiterrorism and Effective Death Penalty Act ("ADEPA"), a district court is permitted to deny a habeas petition on the merits even if the petitioner has failed to exhaust available remedies in the state court(s).  See 28 U.S.C. § 2254(b)(2).  After assessing the merits of the petitioner's unexhausted claim of ineffective assistance of appellate counsel, in connection with his motion for a stay, the Court concluded that Brown's ineffective assistance of appellate counsel claim lacked merit.  The Court's reasons for reaching that conclusion are discussed at length in the Court's May 8, 2006 Memorandum and Order.  Those reasons are incorporated by reference in this writing and, accordingly, will not be repeated here.  For the reasons set forth in the Memorandum and Order, Brown is not entitled to habeas corpus relief on his claim of

ineffective assistance of appellate counsel because it is meritless.

*Improper Denial of Leave To File A Pro Se Supplemental Brief*

The petitioner claims that he was denied, improperly, an opportunity to file a *pro se* supplemental brief with the Appellate Division. This claim was never presented in the petitioner's application for leave to appeal to the New York Court of Appeals and, therefore, is unexhausted. However, for the reasons discussed, <u>supra</u>, in connection with the petitioner's claim for relief based upon grand jury instruction deficiencies, the exhaustion doctrine is no bar to the court's disposing of this claim because it is not a claim for which habeas corpus relief may be granted.

As discussed earlier in this writing, the petitioner was represented by counsel when he appealed from his conviction to the Appellate Division. In New York, a criminal defendant does not have a right to file a *pro se* supplemental appellate brief. <u>See</u> <u>People v. White</u>, 73 N.Y.2d 468, 479, 541 N.Y.S.2d 749 (1989). Moreover, no constitutional right to hybrid representation, that is, "where a defendant both represents himself and has assistance of counsel," exists. <u>Collins v. Beaver</u>, No. 03 Civ. 416, 2005 WL 1801603, at *11 (E.D.N.Y. July 27, 2005) (quoting <u>United States v. Schmidt,</u> 105 F.3d 82, 90 (2d Cir.), *cert. denied*, 522 U.S. 846, 118 S. Ct. 130 [1997]); <u>see</u> <u>also</u> <u>People v. White</u>, 73 N.Y.2d at 477, 541 N.Y.S.2d at 754 (affirming Appellate Divisions's denial of defendant's application for leave to file a *pro se* supplemental brief because there is "no [s]tate or [f]ederal constitutional right to [hybrid] representation"). A criminal defendant has a right to appear *pro se* as well as a right to appointed counsel. However, "'those rights cannot be both exercised at the same time.'" <u>Collins</u>, 2005 WL 1801603, at *11 (quoting <u>Ennis v. Lefevre</u>, 560 F.2d 1072, 1075 [2d Cir. 1977]).

In the instant case, the Appellate Division's denial of the petitioner's motion for leave to file a *pro se* supplemental brief does not implicate federal law. Therefore, it is not a basis for granting the petitioner federal habeas corpus relief.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the petitioner's application for a writ of habeas corpus be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Denise L. Cote, United States District Judge, 500 Pearl St., Room 1040, New York, New York 10007, and to the chambers of the undersigned, 40 Centre St., Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Cote. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
September 15, 2006

Respectfully submitted:

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

-11-

Mailed copies to:

Edward Brown
Ashlyn H. Dannelly, Esq.